L. C. EVANS, COMPLAINANT, APPELLEE, *v.* CHARLES M. MC-
CABE, COMR. OF FINANCE AND TAXATION, DEFENDANT,
APPELLANT.

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

JOHN R. AUST and CHARLES R. CORNELIUS, for complainant, appellee.

L. D. SMITH, ROY H. BEELER and MYLES P. O'CONNOR, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit involves the constitutionality of chapter 21 of the Acts of the Extra Session of 1931. With certain exemptions, the Act provides for a graduated income tax upon incomes of all sorts. The chancellor held the Act to be invalid under Sec. 28 of Article II of the Constitution of the State and the Commissioner of Finance and Taxation has appealed.

■ It is to be conceded that the power to tax is a sovereign power and that a state's power to tax is only restrained by the limitations of the constitution of that state and of the Constitution of the United States.

■ We reproduce the material portion of Sec. 28 of Article II as follows:

"All property, real, personal or mixed, shall be taxed, but the Legislature may except such as may be held by the State, by counties, cities or towns, and used exclusively for public or corporation purposes, and such as may be held and used for purposes purely religious, charitable, scientific, literary or educational, and shall except one thousand dollars' worth of personal property in the hands of each tax-payer, and the direct product of the soil in the hands of the producer and his immediate vendee. All property shall be taxed according to its value, that value to be ascertained in such manner as the Legislature shall direct, so that taxes shall be equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of the same value. But the Legislature shall have power to tax merchants, peddlers and privileges, in such manner as they may from time to time direct. The portion of a merchant's capital used in the purchase of merchandise sold by him to non-residents and sent beyond the State, shall not be

taxed at a rate higher than the *ad valorem* tax on property. The Legislature shall have power to levy a tax upon incomes derived from stocks and bonds that are not taxed *ad valorem*.''

A perusal of the foregoing will disclose, as this court has previously said, that ''in reference to the powers of general taxation in this State, the only limitation upon the discretion is in the principle of equality.'' *Friedman Bros.* v. *Mathes,* 55 Tenn. (8 Heisk.), 488, 492.

■ This limitation as to general taxation was lacking in an earlier constitution—the Constitution of 1834. The provision of that constitution was in these words:

''All lands liable to taxation, held by deed, grant, or entry, town lots, bank stock, slaves between the ages of twelve and fifty years, and such other property as the legislature may from time to time deem expedient, shall be taxable. All property shall be taxed according to its value, that value to be ascertained in such manner as the legislature shall direct, so that the same shall be equal and uniform throughout the state. No one species of property from which a tax may be collected, shall be taxed higher than any other species of property of equal value. But the legislature shall have power to tax merchants, pedlars (peddlers), and privileges, in such manner as they may, from time to time, direct.''

Many abuses grew up incident to the exercise of legislative discretion as to the objects of taxation and in 1870 the Constitutional Convention undertook to make general taxation universal and equal. So broad was the language of Sec. 28 of Article II that it was deemed necessary to qualify it in certain particulars. We have the word of two contemporary judges, speaking for this court, that the clause ''But the legislature shall have

power to tax merchants, peddlers, and privileges, in such manner as they, from time to time, direct,'' was included in that section by way of exception.

In *Jenkins* v. *Ewin,* 55 Tenn. ('8 Heisk.), 456, 478, Chief Justice NICHOLSON, who had been a member of the Constitutional Convention, said that the language just quoted would seem at first view to confer upon the legislature the power to tax merchants, peddlers and privileges. He added, however, its true object was to indicate that the power to tax merchants, peddlers and privileges was not to be understood as inhibited by the restriction as to the taxation of property. He continued:

''The word 'but' is significant of the purpose intended to be accomplished; it indicates that what follows is an exception to that which had gone before, and is not to be controlled by it.''

In *Friedman Bros.* v. *Mathes, supra,* page 493, Judge SNEED, referring to the language quoted, said that ''this *proviso* was intended as a palpable discrimination against the occupations and classes therein mentioned,'' and that ''the power of taxation as to them, is left to the sound discretion of the legislative department.''

A *proviso* and an exception are substantially the same. Lewis' Sutherland Statutory Construction, section 352.

In *Shields* v. *Williams,* 159 Tenn., 349, 366, we expressed the opinion that the clause of Sec. 28, Article II, ''The legislature shall have power to levy a tax upon incomes derived from stocks and bonds that are not taxed *ad valorem,*'' was an exception to preceding clauses of section 28. Whatever be the nature of an income tax, further consideration confirms this conclusion. It is

easier than the conclusion announced by the court as to the privilege tax clause.

The imperative mood is dropped, as in the privilege tax clause. The language is not that the legislature *shall* levy a tax upon such incomes but *shall have power* to levy the tax.

If the income tax is a property tax, the authority to discriminate between incomes arising from particular stocks and bonds and incomes arising from other sources makes of the income tax clause an exception to the equality and uniformity clause. If the income tax is a privilege tax, the authority to tax incomes upon prescribed conditions makes of the clause an exception to the unconditional and unlimited authority to tax privileges generally.

Many years ago in the Supreme Court of the United States, the question arose as to whether the power to regulate navigation was included in the power which the Federal Constitution gave to Congress to regulate commerce. Certain sections of the Federal Constitution impose restrictions upon the power with respect to navigation. We have the authority of Chief Justice MARSHALL for the following:

"It is a rule of construction, acknowledged by all, that the exceptions from a power mark its extent; for it would be absurd, as well as useless, to except from a granted power, that which was not granted—that which the words of the grant could not comprehend. If, then, there are in the Constitution plain exceptions from the power over navigation, plain inhibitions to the exercise of that power in a particular way, it is a proof that those who made these exceptions, and prescribed these inhibitions, un-

derstood the power to which they applied as being granted.'' *Gibbons* v. *Ogden,* 9 Wheat., 1, 6 L. Ed., 23.

In a converse situation the Supreme Court of the United States was considering the power of the State of Maryland to require importers of foreign goods to take out a license, under that provision of the Federal Constitution providing that ''No State shall without the consent of Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws.'' The same authority expressed the opinion of the court as follows:

''If it be a rule of interpretation to which all assent, that the acception of a particular thing from general words, proves that, in the opinion of the lawgiver, the thing excepted would be within the general clause, had the exception not been made, we know no reason why this general rule should not be as applicable to the Constitution as to other instruments. If it be applicable, then, this exception in favor of duties for the support of inspection laws, goes far in proving that the framers of the Constitution classed taxes of a similar character with those imposed for the purposes of inspection, with duties on imports and exports, and supposed them to be prohibited.'' *Brown et al.* v. *State of Maryland,* 12 Wheat., 419, 6 L. Ed., 678.

In many decisions, interpreting statutes, this court has agreed that ''where a general rule has been established by statute with exceptions, the court will not curtail the former or add to the latter by implication.'' Lewis' Sutherland Statutory Construction, section 494; *Kelly* v. *State,* 123 Tenn., 516; *Burns* v. *City of Nashville,* 132 Tenn., 429; *Turner* v. *Eslick,* 146 Tenn., 236.

█ This court has likewise followed the Supreme Court of the United States in saying that this rule is equally applicable in the construction of constitutional provisions. *Friedman Bros.* v. *Mathes, supra.*

█ It therefore seems to us, treating the assailed tax as a property tax, upon principles too well established by authority to be challenged, that when the constitution by way of exception to a general provision against inequality in taxation conferred upon the legislature the power to tax only one class of incomes, that instrument necessarily denied to the legislature the power to tax incomes of other classes. Likewise, treating the income tax as a privilege tax, when the constitution, after it had sanctioned the power of the legislature to tax other privileges without restriction, designated one class of incomes to be taxed, that instrument necessarily denied to the legislature the power to tax incomes of other classes.

In reply to suggestions from the court during the argument of this case, and in opposition to the expression of ideas similar to those just before indicated, counsel for the Commissioner referred to *Vertrees* v. *State Board of Elections,* 141 Tenn., 645. In that case we applied the rule that a constitutional limitation upon the power of taxation will not be inferred nor implied but must be distinctly and positively expressed.

The constitutional provision before us in *Vertrees* v. *State Board of Elections* was "All male citizens of this state over the age of twenty-one years, except such persons as may be exempted by law on account of age or other infirmity shall be liable to a poll tax of not less than fifty cents nor more than one dollar per annum." That was a general mandate to the legislature to levy a poll tax on male citizens. It was not an exception to a general

mandate. We held that a prohibition of the levy of a poll tax upon female citizens would not be implied. The rule mentioned finds proper application in cases of that sort, to repel an inference or implication otherwise merely permissible. Where the constitutional limitation, however, upon the power of taxation is necessarily implied or inferred, the rule can not control. A necessary inference is a logical deduction and it is a necessary inference that one exception to a general grant or denial of power excludes other exceptions.

We refer again to *Brown et al.* v. *State of Maryland, supra,* so like the case before us. Prior to the adoption of the Federal Constitution the states had full power to tax imports. *Lane County* v. *Oregon,* 7 Wall., 71, 19 L. Ed., 101. As noted above, the Federal Constitution prohibited the state from taxing imports except for purposes of executing its inspection laws, and it was held that this exception negatived the power of the state to require importers to take out a license.

It is conceded by counsel for the Commissioner that chapter 21 of the Acts of the Extra Session of 1931 is invalid if the tax thereby levied is a property tax. This concession, of course, is required, for the tax levied is not at a rate uniform with taxes levied on other property and the rate prescribed by the Act increases with the amount of the income.

If the tax levied by chapter 21 of the Acts of the Extra Session of 1931 be a privilege tax, it is likewise invalid. Sec. 28 of Article II of the Constitution confirmed the legislative power to tax privileges generally "in such manner as they may, from time to time, direct." That section of the constitution, however, only authorized the legislature to tax incomes insofar as they were "derived

from stocks and bonds that are not taxed *ad valorem.*'' If the Convention of 1870 contemplated an income tax as a privilege tax it must have included the income tax clause as a limitation on the power to levy such a tax. From such a viewpoint this clause is an exception or a proviso. The clause was certainly not designed to confer an additional power of privilege taxation. The preceding clause, in terms as broad as possible, had countenanced the power of the legislature to tax every privilege. The intent, however, was that only the incomes mentioned should be taxed.

In *Shields* v. *Williams* we did not find it necessary to express our opinion as to the nature of an income tax. No such necessity arises now. The income tax clause of our constitution is either a special power conferred, or a special restriction imposed. In neither view can it be ignored. In either view its destroys chapter 21 of the Acts of the Extra Session of 1931, whether that Act undertakes to levy a property tax or a privilege tax.

The Constitution of 1870 placed but little check on the power of the legislature to tax. In the light of subsequent history, a constitution now adopted would perhaps curb this power. A restraint upon the power to tax incomes, however, is inevitably implicit in Sec. 28 of Article II. The income tax clause of that section must be given such an effect unless we disregard settled rules for the interpretation of written instruments. The court would be recreant to its trust, if it failed to hold the taxing power within a limitation so plain—if it should permit the taxing power to break through the solitary substantial protection afforded to the taxpayer by the constitution.

Affirmed.

## CONCURRING OPINION.

I am impelled reluctantly to concur in the conclusion announced by the Chief Justice that the decree of the Chancellor must be affirmed. Without passing on certain detail provisions of the Act plausibly challenged as discriminatory, I rest my conclusion on this ground:

It is expressly required by our Constitution that "All Property" shall be taxed uniformly according to its value. I understand it to be conceded for the State that, if incomes taxed by this Act are property, then the Act must fall under this uniformity clause.

I cannot escape the conclusion that the term "All Property"—that is, all species of property—includes income from tangibles, such as land, stocks and bonds, etc., clearly taxable *ad valorem*, that is according to its value. Consistently with this view and suggestive that the framers of the Constitution so regarded this broad phrase "All Property," they followed the express requirement for uniformity in taxation of "All Property" with an express provision that, (however) "The Legislature shall have power to levy a tax upon incomes derived from stocks and bonds," thus taking this class of "All Property" taxable *ad valorem* out from under the uniformity requirement.

I express no opinion as to the taxability under our Constitution of incomes derived from services or intangibles, that is, classes of incomes not directly derived from property taxable *ad valorem;* and I find it unnecessary to place emphasis on the doctrine of implication in constriction of our Constitution. Contracts, statutes and the Federal Constitution, grant, confer, create powers and well recognized rules of construction applicable thereto

must be applied, if at all with great caution to the State Constitution, to which the Legislature need not look for grant of power, but alone for limiting restrictions and prohibitions.