JACK COLE COMPANY

*v.*

ALFRED T. MACFARLAND, Commissioner, etc.

*(Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

MACLIN P. DAVIS, JR., WALLER, DAVIS & LANSDEN, Nashville, for appellee.

GEORGE F. MCCANLESS, Attorney General, MILTON P. RICE and DAVID M. PACK, Assistant Attorneys General, for appellant.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a suit to recover $383.78, penalties and interest claimed to be due the complainant as a tax paid under protest.

This tax was paid pursuant to Chapter 252, Public Acts of 1959, which was declared unconstitutional and void by the Chancellor and this appeal by the State resulted.

It appears that complainant is engaged in the business of transporting freight by motor truck in interstate commerce. Its activities in Tennessee are exclusively in interstate commerce and it has never paid corporation excise or franchise taxes under Chapters 27 and 29, Title 67, Tennessee Code. The complainant realizes net earnings from transporting freight in Tennessee in interstate commerce. After the enactment of Chapter 252, Public Acts of 1959, the State demanded the sum of $383.78, penalties and interest.

On October 15, 1959, the complainant paid the tax, penalties and interest to the defendant under protest and

then brought this suit for the recovery of the amount so paid as authorized by Section 67-2305, T.C.A. conceiving said assessment and collection to be unjust and illegal on the ground that said statute is unconstitutional and void.

The complainant claims that under Article II, Section 28, of the Constitution of Tennessee, all property must be taxed according to its value, and taxes must be equal and uniform throughout the State. The only exceptions relate to privilege taxes on income derived from stocks and bonds that are not taxed ad valorem.

It is contended that a tax purporting to be on the privilege of owning property or deriving income from property is, in substance and effect, a property tax and not a privilege tax within Article II, Section 28.

The statute under which the tax here involved was assessed and collected provides in part as follows:

"This tax shall not be construed as a tax on the privilege of carrying on business in Tennessee, the same being upon the privilege of being in receipt of or realizing net earnings in Tennessee * * *."

It appears from the foregoing quotation that the tax levied by Chapter 252 of the Public Acts of 1959 undertakes to place a tax on income on net earnings in Tennessee, and complainant contends that said Chapter 252 seeks to impose a tax not authorized by but in violation of Article II, Section 28, of the Constitution of Tennessee.

The particular portion of Section 28, Article II, involved is as follows:

"The Legislature shall have power to levy a tax upon incomes derived from stocks and bonds that are not taxed ad valorem."

In the leading case of *Evans v. McCabe,* 164 Tenn. 672, 678, 52 S.W.2d 159, 160, the Court stated:

"The language is, not that the Legislature shall levy a tax upon such incomes, but shall have power to levy the tax.

"If the income tax is a property tax, the authority to discriminate between incomes arising from particular stocks and bonds and incomes arising from other sources makes of the income tax clause an exception to the equality and uniformity clause. If the income tax is a privilege tax, the authority to tax incomes upon prescribed conditions makes of the clause an exception to the unconditional and unlimited authority to tax privileges generally.

\*　\*　\*　\*　\*　\*

"It therefore seems to us, treating the assailed tax as a property tax, upon principles too well established by authority to be challenged, that when the Constitution by way of exception to a general provision against inequality in taxation conferred upon the Legislature the power to tax incomes of only one class, that instrument necessarily denied to the Legislature the power to tax incomes of other classes. \* \* \*''

"\* \* \* That section of the Constitution, however, only authorized the Legislature to tax incomes in so far as they were 'derived from stocks and bonds that are not taxed ad valorem.' If the Convention of 1870 contemplated an income tax as a privilege tax it must

698

have included the income tax clause as a limitation on the power to levy such a tax. From such a viewpoint this clause is an exception or a proviso. The clause was certainly not designed to confer an additional power of privilege taxation. The preceding clause, in terms as broad as possible, had countenanced the power of the Legislature to tax every privilege. The intent, however, was that only the incomes mentioned should be taxed."

The defendant contends that the tax is a privilege tax because the Legislature has designated the receipt or realizing of earnings or income as a privilege. Defendant cites numerous cases supporting the contention that the Legislature can name anything to be a privilege and then tax it.

■ It cannot be denied that the Legislature can name any privilege a taxable privilege and tax it by means other than an income tax, but the Legislature cannot name something to be a taxable privilege unless it is first a privilege.

■ In the present case the statute itself provides that the tax shall not be construed as a tax on the privilege of carrying on a business in Tennessee, but expressly provides that the tax shall be upon the privilege or being in receipt of or realizing net earnings in Tennessee, which, it appears to us, is an income tax not authorized by Article II, Section 28 of the Constitution above referred to.

■ Realizing and receiving income or earnings is not a privilege that can be taxed.

"A privilege is whatever business, pursuit, occupation, or vocation, affecting the public, the Legislature chooses to declare and tax as such." *Corn et al. v. Fort,* 170 Tenn. 377, 385, 95 S.W.2d 620, 623, 106 A.L. R. 647.

"Privileges are special rights, belonging to the individual or class, and not to the mass; properly, an exemption from some general burden, obligation or duty; a right peculiar to some individual or body." *Lonas v. State,* 50 Tenn. 287, 307.

Since the right to receive income or earnings is a right belonging to every person, this right cannot be taxed as privilege.

It results that we find no error in the decree of the Chancellor holding the Act in question invalid and it is affirmed.