**Amos CRUTCHFIELD et al.,
Plaintiffs–Appellees,**

v.

**David COLLINS et al.,
Defendants–Appellants.**

Court of Appeals of Tennessee,
Middle Section.

Oct. 6, 1980.

Certiorari Denied by Supreme Court
Oct. 31, 1980.

James S. Roach, Thomas M. Daniel, Memphis, for plaintiffs–appellees.

Robert B. Littleton, Deputy Atty. Gen., John C. Zimmerman, Asst. Atty. Gen., Nashville, Carroll C. Johnson, Asst. Shelby County Atty., Memphis, for defendants–appellants.

## OPINION

TODD, Judge.

This suit relates to the right to vote of three plaintiffs convicted of infamous

crimes. The Chancellor ruled in the affirmative and the defendants election officials have appealed. There was an effort to convert this case into a class action, but the Chancellor declined to do so, and no complaint is made on appeal as to this decision.

The three plaintiffs are registered voters in Shelby County, Tennessee and are incarcerated in the Shelby County Penal Farm pursuant to sentences in Shelby County Criminal Court upon convictions of the offense of petty larceny. The dates of the convictions are 1980, 1978 and 1971.

Article 1, Sec. 5 of the Constitution of Tennessee reads as follows:

*Elections to be free and equal–Right of suffrage.*–The elections shall be free and equal, and the right of suffrage, as hereinafter declared, shall never be denied to any person entitled thereto, except upon conviction by a jury of some infamous crime, previously ascertained and declared by law, and judgment thereon by court of competent jurisdiction.

Article IV, Sec. 1–2 of the Constitution of Tennessee read in pertinent part as follows:

Sec. 1. *Right to vote–Election precincts–Military duty.*–Every person, being eighteen years of age, being a citizen of the United States, being a resident of the State for a period of time as prescribed by the General Assembly, and being duly registered in the county of residence for a period of time prior to the day of any election as prescribed by the General Assembly, shall be entitled to vote in all federal, state, and local elections held in the county or district in which such person resides. All such requirements shall be equal and uniform across the state, and there shall be no other qualification attached to the right of suffrage.

The General Assembly shall have power to enact laws requiring voters to vote in the election precincts in which they may reside, and laws to secure the freedom of elections and the purity of the ballot box.

.    .    .    .    .

Sec. 2. *Right of suffrage may be excluded for crime.*–Laws may be passed excluding from the right of suffrage persons who may be convicted of infamous crimes.

Prior to 1972, T.C.A. § 40–2712 read as follows:

*Disfranchisement by conviction.*–Upon conviction of the crimes of abusing a female child, arson and felonious burning, bigamy, burglary, felonious breaking and entering a dwelling house, felonious breaking into a business house, outhouse other than a dwelling house, bribery, buggery, counterfeiting, violating any of the laws to suppress the same, forgery, invest, larceny, horse–stealing, perjury, robbery, receiving stolen property, rape, sodomy, stealing bills of exchange or other valuable papers, subornation of perjury, and destroying a will, *it shall be part of the judgment of the court that the defendant be infamous, and be disqualified to exercise the elective franchise* and no person so convicted shall be disqualified to testify in any action, civil or criminal by reason of having been convicted of any of the above offenses, and the fact of conviction for any one or more of the foregoing crimes may only be used as a reflection upon his credibility as a witness. [Code 1858, § 5226 (deriv. Acts 1829, ch. 23, § 71); Shan., § 7199; mod. Code 1932, 11762; Acts 1941, ch. 64, § 1; C.Supp. 1950, § 11762; Acts 1953, ch. 194, § 1.] (Emphasis supplied)

By Chapter 740, § 4, Acts of Adjourned Session 1972, the foregoing code section was amended to read as follows:

*Disfranchisement by conviction.*–Upon conviction of the crimes of abusing a female child, arson and felonious burning, bigamy, burglary, felonious breaking and entering a dwelling house, felonious breaking into a business house, outhouse other than a dwelling house, bribery, buggery, counterfeiting, violating any of the laws to suppress the same, forgery, incest, larceny, horse–stealing, perjury, robbery, receiving stolen property, rape, sodomy, stealing bills of exchange or other

valuable papers, subornation of perjury, and destroying a will, it shall *be part of the judgment of the court that the defendant be infamous*, and no person so convicted shall be disqualified to testify in any action, civil or criminal by reason of having been convicted of any of the above offenses, and the fact of conviction for any one or more of the foregoing crimes may only be used as a reflection upon his credibility as a witness. [Code 1858, § 5226 (deriv. Acts 1829, ch. 23, § 71); Shan., § 7199; mod. Code 1932, 11762; Acts 1941, ch. 64, § 1; C. Supp. 1950, § 11762; Acts 1953, ch. 194, § 1; *1972 (Adj.S.), ch. 740, § 4(70).*] (Emphasis supplied)

By subsequent code enactment the title of the above statute has been changed to: "Judgment of Infamy—Competency as Witness", but the text of the section is unchanged since 1972.

None of the judgments of convictions of the three plaintiffs contains a declaration of infamy or disfranchisement as required by the statutes quoted above.

The Chancellor was of the opinion that the Constitution empowers the Legislature to specify disfranchisement as part of the penalty for crimes declared by law to be infamous crimes, but that the Constitution was not self–executing in this regard, so that loss of voting rights by conviction could be lost only as provided by statute. Accordingly, the Chancellor ordered:

2. That the defendant, David Collins, State Election Coordinator, submit a plan to this Court within four (4) days which will insure that the plaintiffs will be allowed to vote in future elections in the State of Tennessee;

3. That after the approval of said voting plan by the plaintiffs and this Court, that said plan will be implemented by the defendants with all deliberate speed;

The issue for review is not as stated by appellants, but is: Are the three plaintiffs entitled to vote in the State of Tennessee?

Appellants insist that constitutional provisions are presumed to be mandatory, citing *State ex rel. v. Burrow,* 119 Tenn. 376, 104 S.W. 526 (1907) which states:

Presumably they are all mandatory. Certainly no provision will be construed otherwise, *unless the* intention that it shall be unmistakably and conclusively appears upon its face.

Id. at p. 381, 104 S.W. 526. (Emphasis supplied)

■ In the judgment of this Court, the "intention otherwise" unmistakably and conclusively appears on the face of Article I, Section 5 and Article IV, Sections 1 and 2, quoted above. It is true that the declaration of the right of universal suffrage is self executing in that any citizen may rely upon it independently of any legislative enactment. However, the *exception* to universal suffrage is expressly dependent upon legislative action. That is, the legislature is empowered to deprive convicted criminals of the right to vote under the limitations set out in Article I, Section 5 and Article IV, Section 2, but it is not reasonable to interpret the exception as self executing. It is clearly anticipated that the legislature shall provide in advance for the punishment of loss of voting right.

Appellants rely upon *Evans v. McCabe,* 164 Tenn. 672, 52 S.W.2d 159 (1932), which held that the Constitution prohibited the levy of an income tax except upon stocks and bonds not taxed advalorem. This opinion is not considered authority for the proposition that the exception to universal suffrage allowing legislative provision for disfranchisement for infamous crimes automatically disfranchised infamous criminals without legislation.

Appellants also rely upon *Morrison v. Buttram,* 154 Tenn. 679, 290 S.W. 399 (1926), which held self–executing the provision of Article X, Section 3, as follows:

Any elector who shall receive any gift or reward for his vote in meat, drink, money or otherwise, shall suffer such punishment as the law shall direct. And any person who shall directly or indirectly give, promise or bestow any such reward to be elected, shall thereby be rendered incapable, for six years, to serve in the

office for which he was elected, *and be subject to such further punishment as the Legislature shall direct.* (Emphasis supplied)

■ The section just quoted specifies with particularity the acts for which an official may forfeit his election to an office. Therefore, this part of the section is self–executing. The section leaves the other punishment of persons giving and receiving gifts for votes to the Legislature. These parts of the section are not self–executing.

On the other hand, Article I, Section 5 and Article IV, Sections 1 and 2 expressly leave to the Legislature the designation in advance of the offenses for which a citizen may be disfranchised. Thus, the provision is not self–executing.

■ Appellants rely upon *State v. Weaver*, 122 Tenn. 198, 122 S.W. 465 (1909), which states that under Article IV, Section 1, the Legislature may legislate to insure purity of the ballot box, but may not prescribe qualifications of voters. There is a difference between prescribing qualifications for voters and prescribing acts by which a voter may lose his right to vote. This difference is recognized in Article I, Section 5 and Article IV, Sections 1 and 2.

■ The clear meaning of Article I, Section 5 and Article IV, Section 1 and 2 is:

The State shall have no power to deny any citizen the right to vote except that the legislature may provide in advance that loss of voting rights shall be part of the punishment for crimes declared in advance to be infamous.

■ This being true, there is no authorization for deprivation of voting rights of any citizen convicted of an "infamous crime" since the 1972 amendment of T.C.A. § 40–2712.

Although one of the plaintiffs was convicted prior to 1972 the record of his convictions contains no adjudication of infamy and disfranchisement as required by Section 40–2712 prior to 1972. It is therefore unnecessary for this Court to consider the effect, if any, of the 1972 amendment upon a prior conviction and adjudication of infamy and disfranchisement.

As stated, the decree of the Chancellor relates only to the rights of the three plaintiffs under their peculiar circumstances.

The decree of the Chancellor is affirmed. Costs of this appeal are assessed against appellants. The cause is remanded for further proceedings.

*Affirmed and remanded.*

LEWIS and CANTRELL, JJ., concur.