Bobby R. TYLER, Plaintiff-Appellant,

v.

David COLLINS, Defendant-Appellee.

Norman Quincy WRIGHT,
Plaintiff-Appellant,

v.

David COLLINS, Defendant-Appellee.

Nos. 82–5046, 82–5079.

United States Court of Appeals,
Sixth Circuit.

Submitted May 4, 1983 in No. 82–5046.

Argued May 4, 1983 in No. 82–5079.

Decided June 22, 1983.

Bobby R. Tyler, pro se.

William M. Leech, Jr., Atty. Gen. of Tenn., Robert B. Littleton, Sp. Asst. Atty. Gen., Nashville, Tenn., for defendant-appellee in both cases.

Henry A. Martin (argued), Barrett & Ray, Nashville, Tenn., for Wright.

John C. Zimmerman, Asst. Atty. Gen., Nashville, Tenn., for defendant-appellee in No. 82–5079.

Before MERRITT and KRUPANSKY, Circuit Judges, and TAYLOR, District Judge.*

MERRITT, Circuit Judge.

These two appeals have been consolidated for opinion because they raise the same issue: the constitutionality of Tennessee's law depriving convicted felons of the right to vote. Both appellants were convicted and sentenced prior to the passage of the laws which declared all felonies infamous and disenfranchised convicted felons. They challenge the law alleging that its retroactive application violates the ex post facto clause, Article I, Section 10 of the Federal Constitution and the due process clause of the fourteenth amendment.

Before 1972, certain felonies were designated by T.C.A. § 40–2712 as infamous crimes. An individual convicted of such an offense had to be adjudicated infamous and disenfranchised. The disenfranchisement provision of this section was removed in 1972. In 1981, the Tennessee Legislature enacted Public Chapters 342 and 345, now codified at T.C.A. §§ 2–2–102, 2–19–143, 40–20–112 and 40–20–113. These provisions designate all felonies as infamous crimes, and disenfranchise anyone convicted. The right of suffrage can only be restored by the governor's pardon, or if the ex-felon's "full rights of citizenship have otherwise been restored as prescribed by law." T.C.A. § 2–19–143. The section also expressly provides that it applies retroactively. It applies to all those convicted of crimes prior to 1981, even though the crimes were declared infamous later.

Both appellants had voted by absentee ballot prior to 1981, but were denied ballots in a 1981 election. Appellant Wright brought suit in Federal Court for the Middle District of Tennessee, and sought class certification. Prior to certification the District Court dismissed Wright's complaint, finding no violation of either the Federal or the Tennessee Constitution. *Wright v. Collins,* No. 81–3665 (M.D.Tenn. Dec. 14, 1981). Appellant Tyler filed his suit *pro se* in the same court. His complaint was also dismissed, based on the reasoning of the *Wright* case. *Tyler v. Collins,* No. 81–3839 (M.D.Tenn. Dec. 14, 1981).

On appeal both contend that the retroactive application of the statute violates the ex post facto clause of the Federal Constitution because passage of the law increased the penalty for their crimes after conviction. Appellant Wright also argues that the Tennessee Constitution, Article I, Section 5 creates a liberty interest under the Federal Constitution which has been denied by retroactive application of the law. These are interesting and important questions of federal constitutional law, but be-

---

* The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation.

cause this case raises an important issue of state constitutional law, we believe the District Court should have abstained rather than deciding them and dismissing the complaints.

■ It has been the rule since 1941 that where, as here

. . . federal jurisdiction has been properly invoked and the constitutionality of a state statute or administrative order challenged, the federal court may, and in the exercise of a sound discretion normally should, stay the action in the federal forum if the construction of pertinent but unclear state law by the state courts may obviate the necessity for a decision of the federal constitutional question or substantially modify the constitutional issue.

1A Moore's Federal Practice ¶ 0.203[1] (1982) citing Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In the case at bar, both requirements for this so-called "Pullman abstention" are present: an unclear state law, in this case the state constitution, and the likelihood that a decision on the state constitutional issue would obviate our deciding the federal question.

Article I, Section 5 of the Tennessee Constitution provides:

The elections shall be free and equal, and the right of suffrage, as hereinafter declared, shall never be denied to any person entitled thereto, except upon conviction by a jury of some infamous crime, previously ascertained and declared by law, and judgment thereon by a court of competent jurisdiction. (Emphasis added.)

The meaning of the phrase "previously ascertained and declared by law" is central to this case and has not been authoritatively construed by the state's highest court. In 1980, the Tennessee Court of Appeals, in dicta, interpreted Article I, Section 5 of the state constitution to mean that the state could not disenfranchise a felon unless it had declared in advance of the conviction that the crime was infamous and that disenfranchisement was part of the punishment for that crime. Crutchfield v. Collins,

607 S.W.2d 478, 482 (Tenn.App.1980), cert. denied Tenn.S.Ct. (October 31, 1980). The District Court below, on the other hand, interpreted the state constitution as not forbidding retroactive application of the disenfranchisement law. Wright v. Collins, supra at 6. Thus, the relevant language of the Tennessee Constitution is subject to conflicting interpretations.

■ The mere fact that a state constitutional challenge to a statute is possible is not always grounds for abstention. But, because the statute is part of an "integrated scheme of constitutional provisions, statutes and regulations" and the "scheme as a whole calls for clarifying interpretation by the state courts," federal courts should abstain. Harris County Commissioners Court v. Moore, 420 U.S. 77, 84–85, 95 S.Ct. 870, 875–76, 43 L.Ed.2d 32 (1975). Abstention is particularly warranted where a state proceeding is pending that challenges the law under the state constitution. Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971). At oral argument, the Attorney General's office represented to this Court that such a case is currently on appeal to the Tennessee Supreme Court. Gaskin v. Collins, No. 2053 (Lewis Co. Ch. Ct. Mar. 16, 1983) appeal docketed, No. 83–23–I (Tenn.Sup.Ct. Mar. 18, 1983). The Chancery Court held the disenfranchisement law unconstitutional under the Tennessee Constitution, Article I, Section 5. The state Supreme Court will hear oral argument during the fall 1983 term.

The second requirement for abstention is also met. If the Tennessee Supreme Court holds that the retroactive disenfranchisement of felons violates the state constitution, then the need for decision on federal constitutional grounds is obviated. Even a decision upholding the provision would "substantially modify" the constitutional issue because appellants' second argument, that the Tennessee Constitution's provision creates a federal liberty interest, would be eliminated.

■ We realize that federal courts have sometimes hesitated to abstain where fun-

damental rights such as the right to vote are involved, because of the delays which necessarily result from abstention. *See Harmen v. Forssenius,* 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). Here, however, any delay should be reduced by the fact that a case is already pending in the state Supreme Court. We believe that considerations of comity—"scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary," *Railroad Commission v. Pullman Co., supra,* 312 U.S. at 501, 61 S.Ct. at 645—require the federal courts to abstain so that Tennessee's highest court can address this important issue of state constitutional law.

In accordance with the procedures set forth in *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), the District Court should not dismiss these cases, but should stay the federal proceedings and retain jurisdiction over them. The appellants are still entitled to a federal forum for the adjudication of their federal claims, should the resolution of the state constitutional issue not obviate the need for such adjudication. If the parties wish to initiate proceedings in state court rather than simply await the disposition of the pending state court case, they can submit all of their claims to the state court and waive a federal court hearing, or expressly reserve their federal claims for consideration by the District Court. *Id.* at 415–19, 84 S.Ct. at 464–66.

We therefore vacate the District Court's dismissal of these complaints, and remand with directions to retain jurisdiction of the cases pending a determination of the state law issues in the state courts of Tennessee.