16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 GANNETT OUTDOOR COMPANY OF MICHIGAN,
Plaintiff/Counterdefendant/Appellant/Cross-Appellee,
v.
CITY OF PONTIAC, Defendant/Counterplaintiff/Appellee/Cross-Appellant,
and
Bruce Richards and Florentine Gallero,
Defendants/Appellees/Cross-Appellants.
 Nos. 92-1598, 92-1622.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1994.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and WISEMAN, District Judge.[1]
 
 
 2
 WISEMAN, District Judge.
 
 
 3
 This case, which is before the court of appeals for the second time, was brought under 42 U.S.C. Sec. 1983 and Michigan state law. Plaintiff Gannett appeals the district court's resolution of the first amendment issue in Defendants' favor, and Defendants cross-appeal the district court's resolution of the state law issues in favor of the Plaintiff.
 
 I.
 
 4
 This action results from the revocation of five sign permits issued to Plaintiff. The city determined that the permits had been issued erroneously under a city zoning ordinance. Plaintiff subsequently filed a three-count complaint in Oakland County Circuit Court. Count I sought relief under 42 U.S.C. Sec. 1983 on the grounds that city officials violated Gannett's first amendment right to free expression and fourteenth amendment rights to due process and equal protection. Count II requested a writ of mandamus to compel the city to reissue the permits and to take all necessary action to allow Gannett to erect the signs. With respect to Count II, Gannett contended that the building inspectors had misinterpreted the ordinance, which, if properly construed, would permit the erection of its signs. Count III alleged that the building department's interpretation and application of the zoning ordinance exceeded the city's authority under Michigan's Home Rule Act, Mich.Comp.Law Ann. Sec. 117.41(5).
 
 
 5
 Defendants removed the case to federal court. Gannett and the city filed cross motions for summary judgment. In a July 19, 1989, order, the district court granted summary judgment for the city on the due process and equal protection claims of Count I, while taking the first amendment claim under advisement. The court remanded the state law claims of Counts II and III to the Oakland County Circuit Court. Gannett apparently has not pursued the state law claims there.
 
 
 6
 On August 17, 1989, the district court granted summary judgment for the city on the first amendment claim of Count I. Gannett filed a motion for reconsideration, which was denied. Gannett then appealed. In an unpublished per curiam Opinion issued on November 22, 1991, this court held that the only issue properly subject to appellate review was the district court's ruling on the first amendment issue. It found that Gannett did not file a timely appeal as to the district court's remand of the state law claims. The court, however, vacated the district court's decision on the first amendment claim and remanded the action specifically "for consideration of the state law issue of whether the Pontiac Building Department's interpretation of the zoning ordinance is invalid in light of the provisions of the ordinance itself and the Michigan Home Rule Act." The court stated that although the Plaintiff's state law claims had been remanded to the state courts, the district court should consider the "potentially dispositive" state law issues. The court stated that the district court should have followed the principle of not deciding a question of federal constitutional law if the case could be decided on state law grounds. See Schmidt v. Oakland Unified School District, 457 U.S. 594 (1982); Miami University Associated Student Government v. Shriver, 735 F.2d 201 (6th Cir.1984).
 
 
 7
 On remand, in a March 19, 1992, opinion, the district court decided both state law issues in favor of Gannett (holding that they were in fact "dispositive"), but nevertheless held that in order to decide Gannett's Sec. 1983 claim, it must consider the constitutional questions. The court adopted the reasoning from its August 17 opinion, and held that despite the fact that state law was violated, Gannett had not established a violation of Sec. 1983.
 
 
 8
 The parties have both appealed from the district court's March 19 opinion, Plaintiff arguing initially that this court should summarily reverse the district court because the district court did not decide the Sec. 1983 claim in Plaintiff's favor after deciding the state law issues in its favor. Plaintiff argued that this court had indicated to the district court that the state law issues would be "dispositive" of the Plaintiff's Sec. 1983 claim. The motion for summary reversal was denied.
 
 
 9
 On this appeal, the Defendants argue that the district court should not have decided the state law issues because the Plaintiff had not exhausted his administrative remedies, and that the district court was wrong on the merits in its analysis of the state law issues. The Defendants further argue that the district court should not have even considered the constitutional issues on remand, because the Sixth Circuit panel told the district court on remand to avoid the constitutional issues if possible. The Plaintiff argues on appeal that the district court was in error in its constitutional analysis.
 
 II.
 
 10
 In its previous opinion, this court held that the district court should not have reached the constitutional questions without first considering the potentially dispositive state law issues. On remand the district court held in Gannett's favor on the state law issues, indicating that there was no need to decide the constitutional questions. Gannett has admitted that resolution of the state law issues in its favor would remove any claim under Sec. 1983. Although the district court ruled in Gannett's favor on the state law issues, it recognized that it could not enter judgment on the state law claims because these claims had been remanded to state court. The district court went on, therefore, to consider the first amendment issues raised by Gannett's Sec. 1983 claim. Instead of going on to consider the constitutional question, however, the district court should have stayed the proceedings pending resolution of Gannett's state law claims in state court.
 
 
 11
 A stay in this case is appropriate under the Pullman doctrine developed in Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941). In Pullman, the Supreme Court held that when state court construction of an unclear state statute might narrow or eliminate a federal constitutional question, abstention may be justified under principles of comity in order to avoid "needless friction with state policies." Id. at 500. In Tyler v. Collins, 709 F.2d 1106, (6th Cir.1983), the Sixth Circuit established two requirements for Pullman abstention: an unclear state law and the likelihood that a clarification of the state law would obviate the necessity of deciding the federal constitutional question. Id. at 1108. Both requirements are met in this case. The zoning ordinance in question is unclear, and construction of the statute in Gannett's favor would eliminate the necessity of the district court deciding whether the ordinance is consistent with the first amendment.
 
 
 12
 The Pullman doctrine was applied to a case similar to the instant litigation in Chez Sez III Corp. v. Union, 945 F.2d 628 (3rd Cir.1991). In Chez Sez, the district court was presented with federal constitutional and state law issues concerning the application of the defendant's zoning ordinance to the plaintiff's business. Concluding that the subject ordinance was amenable to a construction by the state courts which would obviate the need for federal adjudication of the constitutional issue, the district court abstained from such consideration pending a ruling by the state court on the proper interpretation of the ordinance. Id. at 630. On appeal, the Third Circuit agreed.
 
 
 13
 A stay is especially appropriate in this case because the state law claims have already been remanded to state court. The Supreme Court has repeatedly recognized that the Pullman "abstention" doctrine does not require a district court to dismiss a case; a district court may also stay proceedings pending resolution of state law claims in state court. E.g., Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983). In recognition of the propriety of stay orders under the Pullman doctrine, the Supreme Court has recently suggested that "it would be preferable to speak of Pullman 'deferral' " rather than Pullman abstention. Growe v. Emison, 113 S.Ct. 1075, 1080 n. 1 (1983). Under the circumstances of this case, we conclude that Pullman deferral is appropriate.
 
 
 14
 For the forgoing reasons we VACATE the district court opinion, and REMAND the case with instructions to the district court to stay the proceedings pending resolution of the state law claims in state court.
 
 
 
 [1]
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation