## John J. HOOKER

### v.

## Phil BREDESEN.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 8, 2002 Session.

Oct. 30, 2002.

Published pursuant to Rule 11.

John Jay Hooker, Nashville, Tennessee, pro se.

Robert E. Cooper and J. Brandon Miller, Nashville, Tennessee, for Appellee.

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and Judge TOM E. GRAY, Sp.J., joined.

### OPINION

Plaintiff accused defendant of violating Tennessee Constitution, Article X, § 3, at a political fund-raiser event by serving attendees food and drink. The Trial Judge dismissed the complaint for failure to state a cause of action. On appeal, we affirm.

In this declaratory judgment action, the plaintiff appeals from the Trial Court's Order dismissing plaintiff's case for failure to state a cause of action.

Plaintiff's complaint for declaratory judgment states in pertinent part:

As a part of his campaign for Governor, former Mayor Bredesen participated in an elaborate fund-raiser on Tuesday November 13, 2001, at Adelphia Coliseum in Nashville. The event was hosted by the defendant herein, Mr. Bud Adams, the Bredesen Campaign Committee, and other co-hosts who are unknown to the Complainant.

Bredesen supporters were invited by Adams and Former Mayor Bredesen to one of two functions on November 13, 2001 at Adelphia Coliseum based on the amount of their contributions, one being for contributors who gave $2,500 per person and another for contributors who gave $500 per person.

At both of said functions the hosts—aided by Former Mayor Bredesen and Adams—served to their guests an elaborate buffet of various foods and were provided an open bar serving drinks. These voters/contributors can verify as part of the proof in this Cause that they received the "reward" and the hospitality "for their votes," contributions and influence to help Former Mayor Bredesen "to be elected."

The principal purpose of the event was to raise campaign funds in order to help elect former Mayor Bredesen Governor of Tennessee and the guests were provided an elaborate party where they were given, and/or rewarded with, "meat, drink, money, or otherwise" in appreciation for their attendance at the fund-raiser and their efforts to help former Mayor Bredesen "to be elected" Governor with their votes.

The Complaint then charges that the foregoing was done in violation of Tennessee Constitution Article X § 3, which provides:

**Sec. 3. Punishment of electors and candidates for bribery.** Any elector who shall receive any gift or reward for his vote, in meat, drink, money or otherwise, shall suffer such punishment as the law shall direct. And any such person who shall directly or indirectly give, promise or bestow any such reward to be elected, shall thereby be rendered incapable, for six years, to serve in the office for which was elected, and be subject to such further punishment as the Legislature shall direct.

For the alleged Constitutional transgression, the plaintiff seeks to have defendant declared "incapable" to hold the office.

In dismissing plaintiff's Complaint for failure to state a cause of action, the Trial Judge said that it considered the Tennessee Supreme Court decision in *State ex rel Anderson v. Fulton*, 712 S.W.2d 90 (Tenn. 1986) to be controlling.

The issue on appeal is a question of law, and the scope of our review is *de novo* with no presumption of correctness accompanying the Trial Court's conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn.1993).

The 1986 Tennessee Supreme Court decision in *Fulton* is the latest Supreme Court case dealing with Constitutional provision at issue, and we are bound by that decision.

The *Fulton* opinion states in pertinent part:

The prohibition of the Constitution and the statute involved here is directed to the giving or promising of rewards such as meat, drink, money or things of value for a vote to be elected to public office. Ms. Anderson and her attorney did not provide the District Attorney General with a single instance wherein it was factually asserted that Mayor Fulton had given anything of value in exchange for a promise to vote for him in the Mayoral election. Implicit in the District Attorney's letter of May 17 was the observation that the serving of food at a traditional political rally promoting a candidate for election to public office, to which the general public is invited, lacks the essential element of bribery, to-wit: that a voter is given food in exchange for his vote, which element was also not present in the distribution of butter and cheese.

712 S.W.2d, at p. 93 and 94.

The Complaint in this case does not factually assert that Bredesen "had given anything of value in exchange for a promise to vote for him" in the Governor's election.

Article X, § 3 of this State's Constitution, as the *Fulton* Court held, proscribes a candidate's giving any gift or reward in meat, drink, money or otherwise in exchange for the elector's vote. As we understand appellant's argument, he concedes as much, but sincerely contends that *Fulton* did not address the second sentence of Article 10, § 3, which according to appellant "requires no *quid pro quo* or i.e., giving food and drink in exchange for a vote," and he further argues that the second sentence simply requires that food and drink be given to prospective voters without their promise to vote for the candidate. We cannot agree.

The first sentence of § 3 establishes that an elector who receives any gift or reward for his vote from the candidate is guilty of a crime, as established by law. The second sentence of the section sets forth the disqualification for the candidate who gives "such reward" to the voter. As we noted, the prohibition established in this section is the giving by the candidate any of the items mentioned to the voter in exchange for the voter's vote. Absent the giving and receiving of "such reward" for the vote, there can be no violation of § 3.

Plaintiff argues the second sentence of the section is self-executed and relies on *Crutchfield v. Collins,* 607 S.W.2d 478 (Tenn.Ct.App.1980). The *Crutchfield* Court merely explained that the second sentence is self-executing in the sense that a candidate who gives "such reward" for the voter's vote is automatically disqualified, while the voter can only be punished by a prosecution under a "law" enacted by the Legislature. Since the Complaint fails to allege a factual violation of Article X, § 3, it fails to state a cause of action.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to John Jay Hooker.