**Carolyn T. WADE, Plaintiff,**

v.

**BETHESDA HOSPITAL et al., Defendants.**

**Civ. A. No. 70–225.**

United States District Court, S. D. Ohio, E. D.

March 14, 1973.

———◆———

Edward G. Marks, Trial Atty., Marks, Goldsmith & Weiner, Cincinnati, Ohio, for plaintiff; Charles Weiner, Cincinnati, Ohio, of counsel.

Harold E. Gottlieb, Gottlieb, Johnston, Beam & Joseph, Frank Micheli, Kincaid, Micheli, Geyer & Ormond, Zanesville, Ohio, for defendants.

## OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court upon the summary judgment motions of the following seven defendants: S. S. Daw, the Bethesda Hospital Association, Donna Schaeffer, Sarah Caughey, the Muskingum County Children's Services Board, Thomas W. Porter and John T. Seaton. The motions have been made in conformity with and pursuant to Rule 56, F.R.Civ.P. Various affidavits and exhibits have been appended to the motions. Supplementary memoranda have also been filed. Also, before the Court, is a request from the defendant Gary for reconsideration of the Court's order denying Gary's motion to dismiss.

The Court shall consider the entire record before it in deciding the present motions.

The gravamen of the complaint is that the plaintiff was sterilized by the defendant, Dr. Daw, pursuant to an order entered by the defendant, Judge Gary. The first count of the complaint is based upon 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 28 U.S.C. § 1343. The plaintiff alleges that all of the defendants [1] formulated and executed an unlawful conspiracy to have her sterilized in violation of her constitutional rights.

The second count of the complaint alleges that the sterilization constituted an assault and battery. The third count alleges that the sterilization constituted a violation of the plaintiff's civil rights. Count four sets forth alleged overt acts of the conspirators. The fifth count of the complaint alleges violations of the Ohio Constitution.

### I

The Court turns first to the request by defendant Gary for reconsideration of this Court's order of September 8, 1971, D.C., 337 F.Supp. 671, denying Gary's motion to dismiss. Gary again raises the issue of judicial immunity and relies upon Krause, Admr., et al. v. Rhodes et al., 471 F.2d 430 (6th Cir. filed Nov. 17, 1972). Such reliance is misplaced since this Court has determined, and hereby reaffirms the decision, that Gary, in ordering the plaintiff to submit to the operation, acted in absence of all jurisdiction. In such case the Court of Appeals for the Sixth Circuit has consistently denied the shield of

---

1. The following *dramatis personae* is appropriate at this juncture.

Holland Gary was probate judge for Muskingum County, Ohio. He ordered the plaintiff to submit to an operation to render her sterile. S. S. Daw, a medical doctor, performed the operation in the Bethesda Hospital.

Donna Schaeffer is presently the Executive Secretary of the Muskingum County Children's Services Board. She was, at the times involved in this action, a caseworker for the Board.

Sarah Caughey, since retired, was matron of the Avondale Children's Home.

The plaintiff was placed in Avondale on or about October 20, 1965.

The Muskingum County Children's Services Board is the successor to the Muskingum County Child Welfare Board. Section 5153.16, O.R.C. describes the powers and duties of the Board.

Thomas Porter was Executive Secretary of the Board at the time of the events now at bar. John Seaton, at those times, was a psychologist for the Board. He examined the plaintiff and rendered advice to Gary on her condition.

judicial immunity. Azar v. Conley, 456 F.2d 1382 (6th Cir. 1972); Lucarell v. McNair, 453 F.2d 836 (6th Cir. 1972); Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970).

Whereupon, Gary's request for reconsideration of his motion to dismiss is without merit and is therefore DENIED.

## II

Many of the arguments raised in the defendants' seven separate motions for summary judgment are similar or identical. Four distinct contentions are raised by the defendants. The first of these is that the plaintiff consented to the sterilization operation. There is, however, no signed document before this Court which demonstrates that either the plaintiff or her parents consented to the operation. Indeed, it is difficult for this Court to imagine how the plaintiff could be deemed to have voluntarily consented after the entry of the order by Gary directing her to submit to sterilization.

■ There is of record two hospital consent forms. The forms are not signed by the plaintiff but bear the signature of the defendant Porter in his capacity of executive secretary of the Muskingum County Child Welfare Board. Even assuming *arguendo* that the plaintiff was in the legal custody of the county to be maintained in the Avondale Home, this Court is certainly not persuaded that such custody constituted license in favor of any of the defendants to have the plaintiff sterilized. Nor have the defendants directed the Court to any expressed statutory provisions which invest the Muskingum County Children's Services Board or the defend-

ant Porter with the authority to enter legal consent for the sterilization of the plaintiff. Gary, of course, acted without any expressed statutory authority when he ordered the plaintiff to submit to sterilization.

## III

The defendants Daw and the Bethesda Hospital Association disclaim liability upon the contention that they were acting pursuant to the order of the defendant Gary.

■ The journal entry issued by Gary neither orders Daw to perform the operation nor orders that the operation be performed in any particular hospital. Gary's order is addressed to the plaintiff and directs her to submit to an operation that will render her sterilized.[2] The Court, therefore, sees a definite distinction between this case and such cases as Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969), cert. denied, 396 U. S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244, where a court functionaire [3] was held to be not civilly liable in a § 1983 action for following the expressed direction of the court. Gary did not directly order any of the defendants to sterilize plaintiff or provide a hospital to do so.

■■ Nor are the defendants Daw and Bethesda correct in their contention that they could rely upon Gary's order and act purusant to it with immunity from civil suit. The law granting immunity to judicial and quasi-judicial officers is basically clear. Such immunity has been extended to other public officials acting pursuant to expressed court order. Lockhart v. Hoenstine, *supra* at 460; Ginsburg v. Stern, 125 F.Supp. 596 (W.D.Pa.1954), aff'd 225 F.2d 245 (3d Cir. 1955); *see also* Dunn v. Gazzola,

2. JOURNAL ENTRY. This cause having been heard on the testimony of S. S. Daw, M.D., John T. Seaton, Ph.D., and the parties, the Court finds that Carolyn Sue Tucker, a minor aged 17 years, is a a feeble-minded person as defined in Sec. 5125.24 R.C., and that the Columbus State School, Columbus, Ohio, is unable to receive her for care and treatment in

the foreseeable future. It is therefore ordered that Carolyn Sue Tucker submit to a salpingectomy, or such other operation as will insure sterilization, to be performed by a licensed physician in an approved hospital.

3. A prothonotary of a Pennsylvania Superior Court.

216 F.2d 709 (1st Cir. 1954) (involving a police sergeant) (per Magruder, Chief Judge); Francis v. Lyman, 216 F.2d 583 (1st Cir. 1954) (involving state commissioner of correction); Cawley v. Warren, 216 F.2d 74 (7th Cir. 1954) (involving a state's attorney and his assistant); Rhodes v. Houston, 202 F. Supp. 624 (D.Neb.1962), aff'd 309 F.2d 959 (8th Cir. 1962), cert denied, 372 U. S. 909, 83 S.Ct 724, 9 L.Ed.2d 719 (involving various law enforcement officers).

The reason for such immunity for public officials who act at the expressed direction of the court is stated by Judge Aldisert:

> . . . we must also be cognizant of the manifest unfairness of subjecting one to suit as a consequence of action taken at the direction of officials over whom the individual actor has no power or control. Lockhart v. Hoenstine, *supra*, 411 F.2d at 460.

The defendants Daw and Bethesda are clearly not public officials, nor were not expressedly directed by Gary to take any action. Therefore, neither of these defendants can claim immunity for their part in the sterilization of the plaintiff.

## IV

The third claim, raised by all of the defendants, is that the plaintiff has failed to adequately plead and substantiate the conspiracy charge. Various defendants disclaim any connection with the alleged conspiracy to have the plaintiff sterilized.

The issues of whether any conspiracy existed and which, if any, of the defendants participated are factual issues to be determined by the trier of fact after the evidence has been produced at trial. The complaint adequately alleges a conspiracy to deprive the plaintiff of her constitutional rights.

The Court is, however, troubled by an issue that has not been raised by any of the defendants; that is, the propriety of maintaining this action under § 1985(3).

Recent cases from the United States Court of Appeals for the Sixth Circuit establish, as one of the essential elements of an action under § 1985(3), that the claimed invidious discriminatory intent behind the conspiracy must be class based. O'Neill v. Grayson County War Mem. Hosp., 472 F.2d 1140 (6th Cir. filed Feb. 2, 1973). This ruling is based upon the circuit's interpretation of Griffin v. Breckinridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Thus, a plaintiff has an actionable claim under 42 U.S.C. § 1985(3) only if he can show that he was denied the protection of the law *because of the class* of which he was a member. Cameron v. Brock, et al., 473 F.2d 608 (6th Cir. filed Feb. 13, 1973).

There has been no allegation by the plaintiff, nor does the Court find, that she was a member of a class, which fact motivated the defendants to invidiously discriminatory action.[4] The plaintiff's cause of action against all of the defendants under § 1985(3) is not, therefore, well founded. The defendants' motions for summary judgment are meritorious to the extent that this action cannot be maintained under 42 U.S.C. § 1985(3) and to that limited extent they are hereby GRANTED. Of course, the conspiracy claim may and shall proceed under 42 U.S.C. § 1983, for there clearly has been alleged an actionable conspiracy to deny the plaintiff her rights under § 1983. As a matter of law a conspiracy claim can be brought under § 1983. *See* Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Mizell v. North Broward Hospital District, 427 F.2d 468 (5th Cir. 1970), rehearing en banc denied, 1970.

## V

The defendants have cited state court authorities for the proposition that they are immune from suit. The Muskingum County Children's Services Board claims that it is a creature of state statute and is merely an *alter ego* of the State of

---

4. This case does not involve racial discrimination.

Ohio and as such is immune from civil suit. The various defendants who are employed by the Board, or who worked in conjunction with the Board, claim derivative immunity.

Since this action involves a federally created right, 42 U.S.C. § 1983, reference to federal rather than state law is not only appropriate but is mandated. Martin v. Duffie, 463 F.2d 464 (10th Cir. 1972). Federal law controls the immunity question in suits under § 1983. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct 1213, 18 L.Ed.2d 288 (1967); *Cf.* Ex Parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879).

The Muskingum County Children's Services Board is created by state statute, § 5153.04, O.R.C. As such, the Board is an agent of the county and is, therefore, as an entity, immune from suit under § 1983 because the suit in actuality would be against the county. Monroe v. Pape, 365 U.S. 167 (1961), note especially pgs. 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492.

Whereupon, it is the determination of the Court that the motion of the defendant, the Muskingum County Children's Services Board, for summary judgment is meritorious and is therefore granted.

The individual defendants who claim derivative immunity from their association with the Board are not immune from a suit under § 1983. They are being sued in their individual capacities for their alleged unconstitutional actions. They cannot be held immune by virtue of the fact that they may have been acting for the County Board. And, while the Board itself is immune as the agent of the county, the individual defendants are civilly liable under the expressed language of § 1983. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).

Whereupon, it is the determination of the Court that the motions for summary judgment by the defendants, except where such motions have been herein expressly granted, are without merit and must be and the same hereby are denied.