**SOVEREIGN NEWS COMPANY, Plaintiff-Appellee,**

v.

**John T. CORRIGAN, Prosecuting Attorney, et al., Defendants-Appellants.**

**Nos. 78–3064 to 78–3066.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1979.

Decided Dec. 7, 1979.

Rehearing and Rehearing En Banc Denied Jan. 22, 1980.

Timothy J. Armstrong, Asst. Pros. Atty., Cleveland, Ohio, for John T. Corrigan.

Bernard A. Berkman, Berkman, Gordon, Kancelbaum & Levy, Cleveland, Ohio, for Sovereign News Co.

James A. Brogan, Asst. Prosecutor, Gary W. Crim, Dayton, Ohio, for Lee C. Falke.

Thomas V. Martin, Asst. Atty. Gen., Columbus, Ohio, for amicus curiae Atty. Gen. of Ohio.

Jack M. Schulman, Director of Law, City of Cleveland, Donald F. Black, Bruce A. Taylor, Bertsch, Edelman & Fludine Co., LPA, Cleveland, Ohio, for Cleveland Police Officers.

Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

These consolidated appeals are from the decision of the district court reported at 448 F.Supp. 306, rendered October 31, 1977, holding parts of the Ohio obscenity statute, R.C. Ohio §§ 2907.01(F) and 2907.32, to be unconstitutionally overbroad and vague under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

On December 7, 1978, the Supreme Court of Ohio rendered an opinion in *State of Ohio v. Burgun*, 56 Ohio St.2d 354, 384 N.E.2d 255 (1978), holding that the Ohio statute when construed to incorporate the guidelines of *Miller v. California*, is valid and constitutional. The first syllabus, prepared by the Supreme Court of Ohio, is as follows:

R.C. 2907.01(F), which sets forth the definition of "obscenity," is neither unconstitutionally overbroad nor void for vagueness when it is authoritatively construed to incorporate the guidelines prescribed in *Miller v. California*, 413 U.S. 15, [93 S.Ct. 2607, 37 L.Ed.2d 419].

56 Ohio St.2d at 354, 384 N.E.2d at 255.

Upon consideration of the briefs, oral arguments of counsel and the entire record, it is ORDERED that these cases be remanded to the district court for further consideration in the light of the decision of the Supreme Court of Ohio in *State of Ohio v. Burgun*.