### SOVEREIGN NEWS CO., Plaintiff-Appellee,

v.

### Lee C. FALKE, et al., Defendants,

### Roy Warner, et al., Defendants-Appellants.

### No. 80–3694.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1981.

Decided Feb. 4, 1982.

Rehearing and Rehearing En Banc Denied March 23, 1982.

Donald F. Black, Jack M. Schulman, Director of Law, Bruce A. Taylor, Asst. Director, City of Cleveland, Thomas P. Gill, Asst. Pros. Atty., Cleveland, Ohio, for defendants-appellants.

Bernard A. Berkman, Berkman, Gordon, Kancelbaum & Levy, J. Michael Murray, Cleveland, Ohio, for plaintiff-appellee.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, for amicus curiae.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

### ORDER

On receipt and consideration of a second appeal in the above-styled case in which

---

this court, on December 7, 1979, entered a per curiam opinion, pointing out:

These consolidated appeals are from the decision of the district court reported at 448 F.Supp. 306, rendered October 31, 1977, holding parts of the Ohio obscenity statute, R.C.Ohio §§ 2907.01(F) and 2907.32, to be unconstitutionally overbroad and vague under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

On December 7, 1978, the Supreme Court of Ohio rendered an opinion in *State of Ohio v. Burgun*, 56 Ohio St.2d 354, 384 N.E.2d 255 (1978), holding that the Ohio statute when construed to incorporate the guidelines of *Miller v. California*, is valid and constitutional. The first syllabus, prepared by the Supreme Court of Ohio, is as follows:

R.C. 2907.01(F), which sets forth the definition of "obscenity," is neither unconstitutionally overbroad nor void for vagueness when it is authoritatively construed to incorporate the guidelines prescribed in *Miller v. California*, 413 U.S. 15, [93 S.Ct. 2607, 37 L.Ed.2d 419]. 56 Ohio St.2d at 354, 384 N.E.2d at 255.

Upon consideration of the briefs, oral arguments of counsel and the entire record, it is ORDERED that these cases be remanded to the district court for further consideration in the light of the decision of the Supreme Court of Ohio in *State of Ohio v. Burgun.*

*Sovereign News Co. v. Corrigan*, 610 F.2d 428, 428 (6th Cir. 1979), *cert. denied*, 447 U.S. 923, 100 S.Ct. 3015, 65 L.Ed.2d 1116 (1980).

And on consideration of the briefs, record and the opinion of the District Court filed after further consideration on remand, *Sovereign News Co. v. Falke*, No. C77–230 (N.D.Ohio Sept. 19, 1980); and

Believing that the District Judge has too narrowly construed the opinion of the Ohio Supreme Court in *State of Ohio v. Burgun, supra*, and that in fact, said opinion should be construed as incorporating the guidelines of *Miller v. California, supra*, including such interpretative language and examples as

may be found in the majority opinion in the *Miller* case.

Now, therefore, the judgment of the District Court granting plaintiff Sovereign's claims for declaratory and injunctive relief is hereby vacated and the case is remanded to the District Court for such other proceedings as may be required.

In so doing, this court recognizes that there is language in the Ohio statute which is in arguable conflict with the United States Supreme Court's opinion in *Miller v. California*. In the event of prosecutions under the Ohio statute, based on state statutory provisions in conflict with the interpretation of federal constitutional law contained in *Miller v. California, supra*, the standards spelled out by the United States Supreme Court in its interpretation of the First Amendment will, of course, apply, as we believe the Ohio Supreme Court has clearly recognized.

ENGEL, Circuit Judge, concurring.

The majority has today disposed of by order an issue which has generated at least three lengthy analyses by the district courts and has seen four judges of the United States District Court for the Northern District of Ohio evenly divided on the constitutionality of the Ohio statute. Because I believe that the purport of the order is to hold that the Ohio obscenity statute is not unconstitutional, at least in the context of the claim of Sovereign for declaratory and injunctive relief, I concur. Because the issue is more complex than the order would imply, I believe it is necessary to provide a more reasoned analysis, given the importance which has been attached to the issue by the Supreme Court of Ohio and by the United States district judges who have been obliged to deal with it. I agree that the Ohio Supreme Court has clearly endeavored to incorporate the three guidelines of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), as shown by the first syllabus to *State of Ohio v. Burgun*, 56 Ohio St.2d 354, 384 N.E.2d 255 (1978). I am not, however, so certain that the Ohio Supreme Court in *Burgun* has in fact adopted the

two examples of conduct which were described as what a State statute could define for regulation under Part B of the *Miller* standard. The syllabus does not refer to them, and the Supreme Court's decision in *Burgun* appears to affirm convictions where the instructions to the juries did not incorporate them. Instead, the instructions included only the definitions of obscene material as contained in Ohio Rev.Code § 2907.-01(F), followed by a reading, usually literal, of the three guidelines of *Miller.*

In my opinion, therefore, the Ohio statute is not vague when read with the guidelines of *Miller.* Part B of the *Miller* standards requires that the work depict or describe "in a patently offensive way, *sexual conduct* specifically defined by the applicable state law." (Emphasis added).

A plain reading of the Ohio obscenity statute shows that sexual conduct is, in fact, "specifically defined" in Ohio Revised Code § 2907.01(A):

> "Sexual conduct" means vaginal intercourse between a male and female, anal intercourse, fellatio and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

When this is read in connection with section 2907.01(F), which defines "obscene," we have a coherent and sufficiently clear definition of obscene sexual conduct, which provides adequate notice and is neither overbroad nor vague. This being the case, the ruling of the majority that the statute is constitutional is all that is required here. This is because there have been no prosecutions; all that is argued here is that plaintiffs are entitled to injunctive and declaratory relief on the basis that the act is void on its face.

As the majority indicates, difficulties may arise in the course of actual prosecutions under the statute. These problems are discussed in cases decided by another panel of this court today. *See Frank Turoso, et al. v. The Cleveland Municipal Court, et al.,* 674 F.2d 486 (6th Cir. 1982).

Accordingly, I concur in reversal of the judgment of the district court and remand for further proceedings. I concur in remand for further proceedings not to place in issue once more the constitutionality of the statute, but for determination of whether there are other claims which remain alive, particularly those with respect to complaints going to allegations that the rights of the plaintiffs under the Fourth Amendment were violated in other respects by the nature and scope of the seizures which apparently took place, and of which they complain in their 42 U.S.C. § 1983 action. Those issues, if still viable, were not raised before us and there appeared at oral argument to be some difference of opinion among counsel whether they still remained alive. The district court on remand can determine that issue.