**1274**

MANDED for proceedings not inconsistent with this opinion.

**Edward A. JANICKI and Edward W. Zoltaszek, Plaintiffs-Appellants, Cross-Appellees,**

v.

**Frank PIZZA, et al., Defendants-Appellees, Cross-Appellants.**

**Nos. 80–3304, 80–3305.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 22, 1983.

Decided Nov. 28, 1983.

See also 501 F.Supp. 312.

Norman G. Zemmelman (argued), Britz & Zemmelman, Toledo, Ohio, for plaintiffs-appellants, cross-appellees.

Robert G. Young, Assistant Law Director (argued), Toledo, Ohio, for defendants-appellees, cross-appellants.

William J. Brown, Atty. Gen., of Ohio, Columbus, Ohio, intervenor for appellee State of Ohio.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and RUBIN, District Judge.*

PER CURIAM.

Edward A. Janicki and Edward W. Zoltaszek, sales clerks at separate "adult" bookstores in Toledo, Ohio, brought this action under 42 U.S.C. §§ 1983 and 1985 to obtain declaratory and injunctive relief. Plaintiffs challenged the constitutionality of the Ohio obscenity statutes, Ohio Rev. Code §§ 2907.01(F) and 2907.32, and the constitutionality of the Toledo obscenity ordinances, Toledo, Ohio Mun.Code §§ 17–9–101(F) and 17–9–111. On cross motions for summary judgment, the district court upheld the Ohio statutes but struck down the Toledo ordinances for vagueness and over-

---

* The Honorable Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

---

The district court, however, concluded that the phrase "including without limitation" before the list of ultimate sexual acts in subsection (2)a rendered the ordinance vague and overbroad. We disagree and REVERSE.

It is true that there may be other prohibited sexual acts which are not specified in the ordinance, but this possibility does not result in vagueness or overbreadth. If it did, the sample definition in *Miller*—which refers only to "ultimate sexual acts, normal or perverted, actual or simulated"—would itself be unconstitutionally vague and overbroad. The nonexhaustive list of prohibited acts in the Toledo ordinance does not broaden the *Miller* definition; the effect, rather, is to more specifically indicate the types of conduct that fall within the category of "ultimate sexual acts."

Additional support for our conclusion is found in the Supreme Court's disposition of a similar argument in *Ward v. Illinois*, 431 U.S. 767, 97 S.Ct. 2085, 52 L.Ed.2d 738 (1977). The issue there was whether the Illinois obscenity statute satisfied the specificity requirements of *Miller*. The Illinois Supreme Court had construed the statute to incorporate or exceed the tripartite standard of *Miller*. Neither the statute nor the state court decision, however, gave any list or description of the kinds of sexual conduct within the scope of the statute. The Supreme Court chose not to require an exhaustive list.

"It might be argued that, whether or not the Illinois Court adopted the *Miller* examples as part of its law, Sec. 11–20 nevertheless remains overbroad because the State has not provided an exhaustive list of the sexual conduct the patently offensive description of which may be held obscene under the statute. We agree with the Illinois Supreme Court, however, that 'in order that a statute be held overbroad, the overbreadth "must not only be real, but substantial as well,

judged in relation to the statute's plainly legitimate sweep." (*Broadrick v. Oklahoma*, 413 U.S. 601, 615 [93 S.Ct. 2908, 2917, 37 L.Ed.2d 830] . . .).' *People v. Ridens, supra*, [59 Ill.2d 362] at 372, 321 N.E.2d [264] at 269. Since it is plain enough from its prior cases and from its response to *Miller* that the Illinois court recognizes the limitations on the *kinds* of sexual conduct which may not be represented or depicted under the obscenity laws, we cannot hold the Illinois statute to be unconstitutional."

*Id.* at 776, 97 S.Ct. at 2091 (emphasis in original).

We certainly find no greater risk of overbroad enforcement under the Toledo ordinance. The wording of the ordinance reflects the City Council's intent as to what kinds of sexual conduct cannot be depicted. Furthermore, in cases involving the more questionable Ohio obscenity statute, this Court has acknowledged the intention of the state appellate courts to incorporate the constitutional limitations of *Miller*.[3] *Sovereign News Co. v. Falke, supra; Turoso v. Cleveland Municipal Court, supra.* We find that the district court erred by striking down the Toledo ordinances for vagueness and overbreadth.

Accordingly, the judgment of the district court is AFFIRMED as to the Ohio obscenity statutes and REVERSED as to the Toledo ordinances.

---

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals." *Miller*, 413 U.S. at 25, 93 S.Ct. at 2615.

**3.** "If a state law that regulates obscene material is thus limited, as written or construed, the

First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of constitutional claims when necessary." *Miller*, 413 U.S. at 25, 93 S.Ct. at 2615.