UNITED STATES of America ex rel. Brett ROBY, Plaintiff,

v.

THE BOEING COMPANY, Defendant.

No. C–1–95–375.

United States District Court, S.D. Ohio, Western Division.

May 11, 1998.

Michael F. Hertz, U.S. Department of Justice, Washington, DC, James B. Helmer, Jr., Frederick M. Morgan, Jr., Jennifer M. Verkamp, Helmer Martins & Morgan, Cincinnati, OH, for plaintiff.

Jerome Charles Randolph, Keating, Muething & Klekamp—1, Cincinnati, OH, Mitchell S. Ettinger, Bonnie J. Austin, Martin T. Moe, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant's motion to dismiss the amended complaint (doc. 43), to which the United States responded (doc. 65), Relator responded (doc. 67), and Defendant replied (doc. 77).

## BACKGROUND

On May 22, 1995, Relator Brett Roby filed this action under seal with the United States District Court for the Southern District of Ohio, claiming that Defendant The Boeing Corporation ("Boeing") and its supplier, Speco Corporation ("Speco"), violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, (the "FCA"), by manufacturing and selling defective transmission gears to the United States via Boeing's CH–47(D) Chinook Army helicopters ("CH–47(D) helicopters"). Speco manufactured the allegedly defective gears at

its Springfield, Ohio facility[1] before the gears were then installed by Boeing in the CH–47(D) helicopters and provided to the United States.

On April 30, 1997, the Government intervened and filed a five count Amended Complaint against Boeing. (doc. 34.) The Amended Complaint was unsealed on May 1, 1997. On July 1, 1997, Boeing filed a motion to dismiss the Government's Amended Complaint. The Government and Relator responded to the motion in separate briefs. The Court heard oral arguments on Boeing's motion to dismiss on February 26, 1998.

### STANDARD OF REVIEW

In this matter, Boeing seeks dismissal of Plaintiff's claim under both Fed. R.Civ.P. 12(b)(6) and 9(b)[2]. A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) requires the court to determine whether cognizable claim has been pleaded in the Complaint. *Kaminski v. Teledyne Industries, Inc.,* No. 96–3620, 1997 WL 415314, at *3 (6th Cir. July 21, 1997) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)). In order "[t]o survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Id.* In reviewing the motion to dismiss, the court must consider the allegations made in the complaint in a light most favorable to the non-moving party and accept the well-pleaded facts as true. *Columbia Natural Resources Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). Although the Court need not accept conclusions of law or unwarranted factual inferences as true, *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987), the complaint will not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that [non-moving] party can

prove no set of facts in support of his claim which would entitle him to relief." *Michaels Building Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (1988) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Balderaz v. Porter,* 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).

### DISCUSSION

Boeing's motion sets forth three main points why the Government's Amended Complaint should be dismissed. First, Boeing asserts that the Amended Complaint fails to satisfy the heightened pleading requirements of Fed.R.Civ.P. 9(b). Second, Boeing contends that the allegations in the Amended Complaint do not establish that Boeing acted with knowledge or reckless disregard of the truth or falsity of the information to satisfy the knowledge requirement of the FCA. Third, Boeing asserts that the allegations involving the alleged non-conforming continuous intergranular carbide network ("CICN") in the gears pertain to matters of scientific dispute and cannot serve as the basis of an FCA claim. Each of these main points, as well as assertions to dismiss the Government's claims of unjust enrichment, breach of contract, fraud, and payment by mistake, are addressed herein.

### I. Rule 9(b): Pleading Fraud With Particularity

We note that Rule 9(b) may properly be applied to FCA actions because such matters involve claims of fraud. *See Pickens v. Kanawha River Towing,* 916 F.Supp. 702, 706 (S.D.Ohio 1996); *Burch ex rel. United States v. Piqua Eng'g, Inc.,* 145 F.R.D. 452, 454 n. 2 (S.D.Ohio 1992). Under Rule 9(b), the plaintiff's complaint is considered to sufficiently set forth the requirements for a fraud claim when it includes: (1) the time; (2) the place; (3) the specific content of the fraud; and (4) the identities of the parties participating in the fraud. *Pickens,* 916 F.Supp. at

---

1. Although an original party to this action, Speco filed for bankruptcy, settled with the United States and Relator, and was dismissed from the case.

2. Fed.R.Civ.P. 9(b) provides that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be averred generally.

706 (citing *Michaels Building Co.*, 848 F.2d at 679). The basic principle for such requirements is to insure that the pleading places the defendant on notice of the alleged misconduct or fraudulent acts of which the plaintiff complains in order that the defendant may prepare a responsive pleading. *Id.; Cincinnati Gas & Elec. Co. v. General Elec. Co.*, 656 F.Supp. 49, 76 (S.D.Ohio 1986). In terms of providing sufficient notice, we recognize that Rule 9(b) must be read in harmony with Rule 8, which requires the pleading to consist of " 'a short and plain statement of the claim,' and calls for 'simple, concise, and direct' allegations." *Michaels Building Co.*, 848 F.2d at 679.[3]

Boeing asserts that Counts I and V of the Government's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted because the Amended Complaint fails to satisfy at least two of the requirements for pleading a claim of fraud pursuant to Rule 9(b). First, Boeing asserts that the Amended Complaint does, not inform it of the specific false content associated with any of the 130 alleged false claims, but only provides a broad accusation that the Speco-manufactured gears provided to the United States by Boeing in the CH–47(D) helicopters are in some fashion nonconforming to specifications. Boeing contends that because of the breadth of the accusation against it, Boeing can only speculate as to which of the 300 Speco-manufactured gears in service today are alleged to be nonconforming. Secondly, Boeing asserts that the Amended Complaint fails to identify with particularity the persons at Boeing who allegedly participated in any fraudulent activities. Specifically, Boeing contends that the Government fails to identify in the Amended Complaint who " 'knowingly' accepted and installed nonconforming helicopter gears into the CH–47(D) aircraft; who at Boeing disregarded the truth relative to the perceived deficiencies in Speco's quality system; who

at Boeing 'recklessly' failed to perform nital etch inspections after the 1991 and 1993 [helicopter] mishaps; who at Boeing conspired to defraud the government; who at Boeing submitted false claims; and who at Boeing used false statements to obtain payment of a claim." (Def.'s Motion to Dismiss at 94–94). Boeing argues that generic references to it as a corporate entity, without identifying the persons within the corporation involved in the alleged conspiracy, is insufficient to satisfy the requirements of Rule 9(b).

Examining the Government's Amended Complaint in its entirety, we disagree with Boeing that the Amended Complaint fails to plead fraud in conformity with the heightened pleading requirement of Rule 9(b). In other words, we conclude that the allegations raised in the Amended Complaint are sufficient to place Boeing on notice of its alleged misconduct. In regards to the content of the fraud alleged, the Amended Complaint is replete with numerous statements detailing that Boeing either knowingly or recklessly failed to reinspect and detect problems in the Speco-manufactured gears which include, *inter alia*, the presence of nonconforming groove cracks, grinding burns, and CICN. We disagree that Boeing is only able to speculate as to which of the hundreds of Speco-manufactured gears presently in service is alleged to be nonconforming since the Government's Amended Complaint provides at Paragraph 141 that Boeing acted with the knowledge of falsity or reckless disregard for the truth with respect to every CH–47(D) helicopter it delivered to the United States under Forms DD–250.

We also conclude that the Amended Complaint adequately identifies Boeing as a party involved in the alleged misconduct. Boeing's contention that the Amended Complaint must identify with specificity the persons involved in the misconduct is overreaching. Federal Rule of Civil Procedure

---

**3.** Fed.R.Civ.P. 8 provides, in pertinent part:
(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief. ...

(e) Pleading to be Concise and Direct; Consistency—(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

9(b) requires only requires identification of the parties. *See Pickens,* 916 F.Supp. at 706 (indicating that the relator's description of the parties involved, the exact contract at issue, and the provision of the contract that pertained to the alleged misconduct was sufficient to provides the defendants adequate notice of the alleged fraud). To require that the claimant identify with specificity the identities of those at Boeing who may have actually engaged in the alleged fraudulent activities at different stages in the process would require the Government to know evidentiary matters that may be exclusively within the knowledge of Boeing. We recognize that there is an exception to the Rule 9(b) pleading requirement when the information is in the exclusive hands of the opposing party. *Wilkins ex rel. United States v. State of Ohio,* 885 F.Supp. 1055, 1061 (S.D.Ohio 1995). Accordingly, we do not find that counts I and V of the Amended Complaint fail to provide sufficient notice of the allegations against Boeing such that it can properly respond.

## II. "Knowing" Conduct Within The Meaning Of The False Claims Act

Boeing also argues that a reading of the Government's Amended Complaint, along with an examination of the documents cited therein, evidences that Boeing "acted in vigorous pursuit of resolving and correcting any manufacturing problems" Speco was having in producing and supplying the gears. Therefore, Boeing asserts that its conduct cannot be said to constitute a reckless disregard for the truth or falsity of information about the gears. Rather, at worst, Boeing asserts that its conduct would suggest that it acted negligently under the circumstances. Consequently, Boeing argues that the Government's Amended Complaint should be dismissed for failure to plead conduct that meets the requirement of the FCA. The Government argues that its Amended Complaint clearly alleges that Boeing acted knowingly or recklessly in providing the United States with allegedly defective helicopters. Specifically, the Government claims that Boeing knew that groove cracks existed in the gears, that the gears were susceptible to grinding burns, and that they contained CICN. The Government argues that the Amended Complaint sets out the allegations that Boeing then acted knowingly or recklessly when it provided those Speco-made gears to the United States via the CH–47(D) helicopters.

■ To assert a claim under the FCA one must only plead that the defendant has presented or caused to be presented a false claim for payment to the United States and that the defendant knew that the claim was false or fraudulent. *Pickens,* 916 F.Supp. at 707; *Burch,* 803 F.Supp. at 118. Under the FCA, the term "knowing" or "knowingly" means that a person, with respect to the information,

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information.

31 U.S.C.A. § 3729(b) (West's Supp.1997). No specific proof of intent to defraud is required. *Id.*

■ A review of the Amended Complaint shows that the Government has pleaded that Boeing acted knowingly or with reckless disregard for the truth or falsity of information pertaining to the allegedly defective gears when it installed the gears in the CH–47(D) helicopters and provided them to the United States. Boeing's argument that an examination of its conduct will establish that it acted diligently to pursue and correct any problems with the gears suggests that we look beyond the pleadings at this point. We do not believe doing so would be appropriate at this juncture in the proceedings. Moreover, for the Court to look beyond the pleadings to other matters would require us to treat Boeing's motion to dismiss more as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(c), rather than one properly under Rule 12(b)(6). At the hearing on its motion to dismiss, Boeing argued that we reconsider our position. We have done so and reach the same conclusion. Accordingly, we find Boeing's contention that the Government failed to plead knowing conduct in accordance with the FCA is without merit.

### III. The Carbide Networking ("CICN") Issue

██ Boeing also argues that the Government's allegations that the nondisclosure of CICN is not a cognizable claim under the FCA or common law because those allegations are based on disputes over scientific opinions and theories. The Government argues, on the other hand, that this is not a case involving a scientific dispute, rather a case involving Boeing's alleged concealment of Speco's findings that CICN existed in the gears. While we agree that Congress did not enact the FCA in the interest of addressing disputes of scientific theories, the FCA is concerned with persons who knowingly submits false or fraudulent claims for payment to the United States. 31 U.S.C. § 3729(b). We disagree with Boeing's contention that the allegations in the Amended Complaint regarding the CICN issue are nothing more than disputes over scientific theory and rhetoric. Moreover, we find that the references in the Amended Complaint to the alleged CICN in the gears involve issues of alleged concealment and misrepresentation by Boeing.

██ Furthermore, we disagree with Boeing that "materiality" is a required element of proof in actions under the FCA. In *United States v. Wells*, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), the United States Supreme Court rejected reading materiality as an element of the offense charged to defendant where the term was not already provided by Congress. *Id.* at 931. In *Wells*, the defendants were charged and convicted of conspiracy and making false statements to a federally insured bank in violation of 18 U.S.C. § 1014. At trial, the district court judge instructed the jury that it need not concern itself with the materiality of the alleged false statement of the defendants. *Id.* at 924. On appeal, the appellate court vacated the district court's decision and remanded the case for a new trial. *Id.* at 925.

However, the Supreme Court issued a writ of certiorari in order to address the issue whether materiality should be inserted as an element under § 1014. *Id.* The Supreme Court vacated and remanded the appellate court's decision, concluding that where Congress has not "explicitly included materiality in provisions involving false representations ... [t]he most likely inference ... is that Congress deliberately dropped the term 'materiality' without intending it to be an element...." *Id.* at 928.[4] In light of *Wells, supra*, we do not believe that materiality is a required element of proof in actions under the FCA. Accordingly, we reject Boeing's contention that the Government's allegations regarding any alleged CICN problems with the gears should be dismissed for failure to state a claim upon which relief can be granted.

### IV. Breach of Contracts Claim

Since we conclude that Counts I, II, III, and V are not defective, and therefore need not be dismissed pursuant to Rule 12(b)(6), the Court will continue to exercise jurisdiction over the Government's Count IV: Breach of Contract Claim.

### V. Claims for Unjust Enrichment and Payment By Mistake

██ Boeing also argues that because there existed an express contract between Boeing and the United States Government the Government is precluded from pursuing quasi-contractual claims for payment by mistake and unjust enrichment in Counts II and III. Therefore, Boeing asserts that these counts must be dismissed for failure to state a claim upon which relief can be granted. The Government, however, argues that it may plead, in the alternative, common law claims for fraud, payment by mistake, unjust enrichment, and breach of contract along with its claim under the FCA in accordance with Fed.R.Civ.P. 8(e)(2).[5] We find the Gov-

---

4. While we note that many courts have concluded that materiality is an element of the FCA, we recognize that those conclusions are weakened significantly in light of *Wells*. In fact, when the Court rejected reading the materiality element in § 1014 in *Wells*, most of the appellate courts had previously held that materiality was an element

of § 1014. *See Wells*, 117 S.Ct. at 925 n. 3 (citation omitted).

5. Rule 8(e)(2) of the Federal Rules of Civil Procedure provides:

ernment's response correct. Moreover, we find that the Amended Complaint states actionable claims under the equitable theories of unjust enrichment, payment by mistake, breach of contract, and fraud.

## VI. Common Law Fraud Claims/ Statute of Limitations

Finally, Boeing also argues that the Government's Count V: Common Law Fraud claim is subject to the three year statute of limitations under 28 U.S.C. § 2415(b), and thus barred because the Government did not pursue its common law fraud claims prior to December 21, 1992. Specifically, Boeing contends that when it entered into a tolling agreement with the Government on December 21, 1995, it did not waive its statute of limitation defenses therefore any Government claims based on common law fraud became time barred no later than 1994. Also, Boeing asserts that because the Amended Complaint fails to state with specificity what representations and claims are alleged to be false, who made the false claims, and when they were made, any alleged false representations predating December 21, 1992 are time barred.

We disagree with both of these contentions. First of all, we have already noted that the Amended Complaint sufficiently pleads fraud pursuant to Rule 9(b). Secondly, we find the Government's argument persuasive that the three year limitations period under 28 U.S.C. § 2415 is not applicable to the Government's common law fraud claim because "facts material to the right of action [were] not known and reasonably could not be known by an official of the United States charged with responsibility to act in the circumstances" until the Relator filed his *qui tam* complaint in May 1995. Accordingly, Boeing's motion that the Government's Count V: Common Law Fraud claim be dis-

missed based on the statute of limitations is hereby DENIED.

## CONCLUSION

For the reasons stated, Defendant Boeing's motion to dismiss the Amended Complaint if hereby DENIED.

SO ORDERED.

(e) Pleading to be Concise and Direct; Consistency.
(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.
Fed.R.Civ.P. 8(e)(2).