**UNITED STATES of America, ex rel. Mikhail L. KOZHUKH, Plaintiff,**

v.

**CONSTELLATION TECHNOLOGY CORPORATION, Defendant.**

**No. 98–521–CIV–T17E.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 29, 1999.

Joan Marie Vecchioli, Amber F. Williams, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, Andrew Grosso, Law Office of Andrew Grosso, Washington, DC, for Mikhail L. Kozhukh, plaintiff.

Kevin Douglas Zwetsch, Scott A. Fisher, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Constellation Technology Corporation, defendant.

Anita M. Cream, U.S. Attorney's Office, Orlando, FL, Michael F. Hertz, Judith Rabinowitz, U.S. Dept. of Justice, Civil Division, Washington, DC, for USA, movant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendant Constellation Corporation's Motion to Dismiss counts I–IV (Docket No. 23) Plaintiff Mikhail L. Kozhukh's claim for violations of the False Claims Act under 31 U.S.C. § 3729(a)(1)(2), and Plaintiff's response thereto (Docket No. 34).

### FACTS

Plaintiff was employed by Defendant as a research physicist from February 1, 1994 to October 1, 1996. Defendant is a Florida corporation in the business of research, development and manufacture of sensors and analytical technologies pertaining to radioactive materials.

Plaintiff was instructed by Defendant, in late 1994, to prepare a comparative report on the existing literature concerning semiconductor crystals. This report was to be utilized in contract proposals for the Air Force. Plaintiff's report established that cadmium zinc telluride crystals were a superior grade of crystals in comparison to mercuric iodide for radiation detection. Plaintiff alleges that Defendant concealed his report and fraudulently presented information to the Air Force in pursuit of acquiring a $715,000 contract researching mercuric iodide crystals. Plaintiff claims that if the report had not been disclosed and information not been misleading, the Air Force would not have narrowed the scope of the research to mercuric iodide crystals. Defendant was awarded the contract in January 1994.

Plaintiff also alleges that the same misleading information was given to the Pinellas County Industrial Council ("PCIC") for the procurement of additional Department of Defense contracts on August 1, 1996. The value of these five contracts was approximately $7.5 million. Defendant would receive ninety percent of the funding from these "PCIC" contracts.

Defendant participated in the "Russian Program" where technology was to be purchased in Russia, by the Department of Defense, when the technology was unavailable in the United States. Defendant was to be the facilitator between the Department of Defense and Russia. Plaintiff alleges that Defendant fraudulently and knowingly presented for payment proposals for the purchase of mass spectrometer and Xenon detector. Plaintiff claims that both of these technologies were available in the United States at the time the proposals were presented.

Plaintiff alleges cost mischarging by Defendant under multiple contracts with the Department of Defense beginning on August 1995 through December 31, 1996. Each employee was required to report each hour of time invested in a specified contract, known as the "Direct Hours" records. Plaintiff alleges that two of Defendant's employees knowingly increased actual time, and shifted time spent on one contract to another. Plaintiff claims that this scheme to mischarge was to finance salaries and pay for cost overruns.

### STANDARD OF REVIEW

A district court should not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him relief." See *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See *Conley,* 355 U.S. at 47, 78 S.Ct. 99, 2 L.Ed.2d 80 [quoting Fed. R.Civ.P. 8(a)(2) ].

In deciding a motion to dismiss, the court can only examine the four corners of the complaint. See *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla. 1995). The threshold sufficiency that a complaint must meet to survive a motion to dismiss is pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts that the Plaintiff failed to state a fraud claim on counts I through IV of the complaint (Docket No. 23).

### DISCUSSION

In order to recover under the False Claims Act, it must be alleged and proven that the defendant:

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or]

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

See *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 808 (D.Utah 1988) (citing 31 U.S.C.A. § 3729(a) (West Supp.1988)). At least two elements are necessary to state a claim under these provisions:

(1) a claim for payment from the Government, (2) that is false or fraudulent. *Id.* Additionally, the Federal Rules of Civil Procedure require heightened specificity in pleadings for fraud claims. See *U.S. ex rel. Roby v. Boeing*, 184 F.R.D. 107 (S.D.Ohio 1998) (citing Fed.R.Civ.P. 9(b)). "Under rule 9(b), the plaintiff's complaint is considered to be sufficiently set forth the requirements of a fraud claim when it includes: (1) the time; (2) the place; (3) the specific content of the fraud; and (4) the identities of the parties participating in the fraud." *Id.* (citing *Pickens v. Kanawha River Towing*, 916 F.Supp. 702, 706 (S.D.Ohio 1996)).

### COUNT I

Defendant's motion to dismiss alleges that the proposal to study mercuric iodide crystals given to the Air Force fails to prove fraud. The fraud was allegedly done through a chart which cited published scientific literature. Defendants state that the citation of a published article cannot be a basis for fraud under the False Claims Act. See *United States ex rel. Milam v. Regents of University of California*, 912 F.Supp. 868, 883 (D.Md.1995). The False Claims Act creates liability for false statements. *Id.* at 883. Defendant denies that this chart "duped" the Air Force into studying mercuric iodide crystals.

Defendant contends that the Government has been researching mercuric crystals for decades, and made the decision for the Defendant's research to be limited to mercuric crystals without any influence from the allegedly fraudulent chart contained in Defendant's proposal. "Only if the Government gets something less than or different from that which it expected can it be said to have suffered the kind of injury necessary to invoke FCA liability." *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 809 (D.Utah 1988). Defendant states that full disclosure, including the Plaintiff's report, was given to the Air Force, and the Air Force chose to continue the research of mercuric iodide crystals.

Plaintiffs do not assert that the citations in the chart were false, but that the information was presented in a intentionally fraudulent way to the Air Force and that full disclosure was not given. Plaintiff states that the Air Force relied on the fraudulent information when the decision to limit the scope of the contracted research by the Defendant to mercuric iodide crystals. Plaintiff distinguishes *Milam* by comparing the statements. *Milam*'s statements were in fact false information. The present issue is not the statement's truthfulness, but whether Defendant did not supply certain data in good faith or with an intent to deceive. Plaintiff alleges that the manner by which Defendant se-

lected some data and omitted other data was misleading, and done in a manner to deceive the Air Force.

The Court must determine whether Plaintiff's complaint satisfies the 12(b)(6) standard of the Federal Rules of Civil Procedure. Plaintiffs specifically list:

(1) the date in which the fraud occurred as January 1994;

(2) the place being at the Defendant's place of business in Pinellas County, Florida;

(3) the content of the fraud being a deceptive presentation of published information to the Air Force for the purpose of obtaining a contract for the research of mercuric iodide crystals; and

(4) specifically named Defendant's president, Carl R. Rester, vice-president George P. Lasche, program manager Albert G. Beyerle, director of human resources and chief operating officer Bart Smith, senior physicist Lodewijk van den Berg, and mechanical engineer Alberto Guim as participating in the fraudulent activity.

Plaintiff's complaint satisfies the specificity requirement set out in 9(b) of the Federal Rules of Civil Procedure. A sufficient claim was plead under 31 U.S.C.A. § 3729(a)(1)(2) by stating that a fraudulent claim was presented to the Government for payment or approval, thus satisfying rule 12(b)(6).

### COUNT II

■ Defendant's motion to dismiss states that Plaintiff's allegations as to "information" submitted and used by the Pinellas County Industrial Council ("PCIC") to obtain Department of Defense contracts was too vague and should fail the rule 9(b) specificity of pleadings requirements and 12(b)(6) failure to state a claim under the FCA.

Plaintiff alleges that the materially same fraudulent, misleading data, as described in count I, was knowingly supplied by the Defendant to the "PCIC" for the purpose of obtaining Department of Defense contracts. These contracts included research of mercuric iodide crystals.

The issue is whether the complaint satisfies the 9(b) standard for fraud and 12(b)(6) standard of stating a claim. Plaintiff's complaint listed:

(1) the time for the fraudulent activity as beginning August 1, 1996 and continuing until an unknown date;

(2) the place being the Defendant's location of Pinellas County, FL.;

(3) the content as "materially the same information" as provided in count I; and

(4) the same individuals listed in count I.

This pleading satisfies the requirements of 9(b) by listing the time, place, content of fraud, and individuals involved. See *U.S. ex rel. Roby v. Boeing Co.*, 184 F.R.D. 107, 109 (S.D.Ohio 1998) (citing *Pickens*, 916 F.Supp. at 706). Additionally, 12(b)(6) is satisfied by fulfilling the requirements set out in 31 U.S.C.A. § 3729(a)(1)(2). Plaintiff claimed that a fraudulent representation was caused to be presented to a government official for approval of contracts worth $7.5 million. Id. "A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Bank v. Pitt*, 928 F.2d 1108, 1109–10 (11th Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ The allegedly fraudulent data in Count II is materially the same as that in Count I. Plaintiff has made allegations sufficient to survive 12(b)(6). Further, the Court concludes an exception to rule 9(b) pleading requirement applies when the information is in the exclusive hands of the opposing party. *Wilkins ex rel. U.S. v. State of Ohio*, 885 F.Supp. 1055, 1061

(S.D.Ohio 1995). The Court denies the motion to dismiss.

### COUNT III

■ Defendant's motion to dismiss claims that Plaintiff's allegations should fail due to failure to specifically state facts of fraud as required under the Rules of Civil Procedure 12(b)(6) and 9(b). See *Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 566–67 (11th Cir.1994). Defendant claims that the "Russian Program" was not limited to technology unavailable in the United States Defendant argues that Plaintiff fails to state a claim because the Department of Defense knowingly gave permission for the purchases of Russian technology and considered them "still worth pursuing." (Docket No. 23). Defendant argues that Plaintiff cannot sustain a claim for fraud when the Government received what it asked for. See *Boisjoly*, 706 F.Supp. at 809.

Plaintiff contends that the "Russian Program" was limited to technologies not available in the United States. Defendant fraudulently presented to the Department of Defense that at the time of purchase of the mass spectrometer and xenon detector these technologies were not available in the United States.

Again, the issue is whether Plaintiff adequately plead the fraud in the complaint. The complaint lists:

(1) the time of the purchases to be November 1995 for the xenon detector, and May or June 1996 or the mass spectrometer;

(2) the place for the fraud to occur in Pinellas County, FL., while the purchases were done in both Moscow and St. Petersburg, Russia;

(3) the content of the fraud was presenting to the Department of Defense that these technologies were not available so that they could be purchased under the "Russian Program," believed to be limited to purchases of technology outside the United States; and

(4) the individuals involved in the fraud were alleged to be Carl R. Rester, president of Defendant Corporation.

These pleadings sufficiently satisfy the requirements of rule 9(b) of the Federal Rules of Civil Procedure. See *Boeing*, 184 F.R.D. at 109.

■ Plaintiff succeeds in stating a claim under 31 U.S.C.A. § 3729(a) by alleging that Defendant "knowingly" presented a fraudulent claim for payment to the Department of Defense for payment. "Knowingly" includes having an actual knowledge of the information, acting in deliberate ignorance of the truth or falsity of the information; or acting in reckless disregard of the truth or falsity of the information. See *Boeing*, 184 F.R.D. at 111. Further, additional leeway is allowed for plaintiffs under 9(b) when information is exclusively in the hands of the defendant. See Id. On these grounds, Defendant's motion is denied.

### COUNT IV

■ Defendant's motion to dismiss states that Plaintiff's allegations of employee cost mischarging fail to meet the specificity requirements of rule 9(b) and 12(b)(6). Defendant argues that the Government was well aware of all billing due to the auditing practices and the investigation that resulted from Plaintiff's allegations of cost mischarging. The investigation found "no facts supporting" claims. (Docket No. 34).

Plaintiff claims that the Federal Acquisition Regulation ("FAR") requires all Defendant's employees to charge each unit of time spent by each employee on a particular contact. These records are known as "Direct Hours." Defendant was prohibited from shifting units of time from one

contract to another or to charge time that was not actually spent performing the contract.

Plaintiff alleges that:

(1) about August 1995 through December 31, 1996;

(2) in Pinellas County, FL;

(3) did knowingly mischarge time on Department of Defense contracts. Defendant would increase actual time spent on particular contracts or would shift time spent on one contract to another; and

(4) the employees involved in the fraudulent mischarging were Albert G. Beyerle and Alberto Guim.

These pleadings satisfy the standard set forth in rule 9(b) of the Federal Rules of Civil Procedure. See *Boeing*, 184 F.R.D. at 109. Further, rule 12(b)(6) is satisfied by establishing a claim under 31 U.S.C.A. § 3739(a)(1)(2). Plaintiff alleges that the mischarged time was presented to the Department of Defense for payment or approval. For these reasons, Defendant's motion to dismiss is denied. Accordingly, it is

**ORDERED** that Defendant Constellation Technology Corporation's motion to dismiss the complaint, counts I–IV (Docket No. 23), be denied in all respects, and Defendant shall have ten (10) days from the date of this Order to answer the complaint.